

**FILED**
**Jun 07, 2022**
**01:30 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Lawrence Mitchell | ) | Docket No. 2021-01-0379 |
| | ) | |
| v. | ) | State File No. 62070-2018 |
| | ) | |
| Waupaca Foundry, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Audrey A. Headrick, Judge | ) | |

---

### Affirmed and Certified as Final

---

In this appeal of an order granting the employer's motion for summary judgment, the employee asserts that the trial court erred in accepting the authorized physician's opinion regarding maximum medical improvement and permanent partial impairment. The employer had filed the motion for summary judgment asserting there were no genuine issues of material fact in dispute with respect to the degree of the employee's permanent disability arising from the work injury, and the trial court agreed. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and certify the trial court's order as final.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner joined.

Lawrence Mitchell, Etowah, Tennessee, employee-appellant, pro se

Catheryne L. Grant and Taylor R. Pruitt, Brentwood, Tennessee, for the employer-appellee, Waupaca Foundry, Inc.

### Factual and Procedural Background

The facts surrounding this appeal are largely undisputed. Lawrence Mitchell ("Employee") reported feeling pain at the end of his shift while working for Waupaca Foundry, Inc. ("Employer"), on August 10, 2018.[1] Employee initially declined medical

---

[1] We note documentation throughout the record in which Employee disputes the manner in which Employer and its representatives described the mechanism of injury. On multiple occasions, Employee requested that documentation be corrected to reflect his account of how the injury occurred. Employee also disputed the

care, but on August 15, 2018, he indicated his desire to see a physician. Employer provided a panel of primary care clinics from which Employee selected Madisonville Primary Care.

Employee ultimately came under the care of Dr. David Hauge, who provided a course of conservative treatment, including physical therapy. Employee failed to improve, and, on November 13, 2019, he saw Dr. Patrick Bolt for a second opinion. Dr. Bolt observed that Employee's complaints were consistent with a cervical strain/sprain and myofascial pain in the right trapezius. He concluded the symptoms were the result of an aggravation or exacerbation of a previously asymptomatic degenerative condition. Dr. Bolt did not recommend surgery and noted that Employee disagreed with the results of the FCE, believing they did not accurately reflect his physical abilities. Dr. Bolt stated that he believed that the FCE "accurately predicted [Employee's] work capacity, but failed to predict [Employee's] work tolerance secondary to pain."

On December 10, 2019, Employee returned to Dr. Hauge, who noted that Employee still complained of cervical pain despite extensive conservative treatment. He found no evidence of neurological impairment or radicular symptoms and stated that an MRI and electrodiagnostic testing did not reveal any additional conditions necessitating treatment. Dr. Hauge also observed Employee had participated in a functional capacity evaluation ("FCE"), the results of which were determined to be valid, that placed Employee's abilities at the medium physical demand level. Dr. Hauge noted that Dr. Bolt's conclusions were consistent with his, as neither recommended surgical intervention or long-term opioid pain management. On December 11, 2019, Dr. Hauge completed a C-30A Final Medical Report in which he assigned an anatomical impairment rating of 5% to the body as a whole and returned Employee to work with restrictions consistent with the FCE.

Over the next two years, the parties engaged in mediation on multiple occasions with limited success. Certain issues concerning medical care were resolved by agreement, but the claim remained pending with no resolution. On November 18, 2020, Employee's claim was dismissed without prejudice for his failing to file a request for a hearing in compliance with an October 21, 2020 order of the trial court.[2] Employee filed another petition that same day, to which he attached correspondence detailing his concerns with his claim, including his assertion that he had reported shoulder pain that had not been addressed by a physician. He also voiced dissatisfaction with the care offered by Dr. Hauge.

The parties were unable to resolve the disputed issues through mediation, and on June 28, 2021, Employer filed a motion for summary judgment pursuant to Rule 56 of the

job description provided to the physician. Because such discrepancies are not relevant to the ultimate disposition of this appeal, we need not discuss them further.

[2] The trial court's November 18, 2020 order references its October 21, 2022 order; however, the October 21, 2022 order is not contained in the record on appeal.

Tennessee Rules of Civil Procedure ("Rule 56"). Employer asserted in its motion that Employee was entitled to certain permanent disability benefits and medical care and that there were no genuine issues of material fact that would prevent a court from granting Employer's motion. Employee requested two continuances, the first of which was granted, indicating he was gathering additional information and documentation to respond to the motion. In an order dated September 30, 2021, the trial court denied Employer's motion for summary judgment because of its reliance on medical records that were neither authenticated by affidavit nor otherwise admissible at the summary judgment stage. *See Lemons v. Elwood Staffing Servs., Inc.*, No. 2019-02-0313, 2021 TN Wrk. Comp. App. Bd. LEXIS 12, at *11 (Tenn. Workers' Comp. App. Bd. May 4, 2021).

Thereafter, apparently in response to Employee's assertion that he did not receive proper treatment for his cervical complaints or any treatment for his shoulder complaint, Employer scheduled an appointment with Dr. Barry Vaughn to provide an opinion regarding these injuries. Dr. Vaughn completed a Standard Form Medical Report for Industrial Injuries ("Form C-32") on October 5, 2021. Dr. Vaughn expressed his opinion that Employee's complaints were related to degenerative conditions and were not work-related. Employer also obtained a Form C-32 dated October 19, 2021, from Dr. Hauge in which he reiterated his previous findings.

On January 5, 2022, Employer filed a second motion for summary judgment, with appropriate medical documentation, asserting the same bases as in its prior motion. Employee's response, filed on February 26, 2022, reiterated his complaints with the manner in which his injury was described, the job description provided to the physicians, and the medical care he received. However, Employee's response did not comply with the requirements of Rule 56. Following a February 28 hearing on Employer's motion for summary judgment, the court issued an order granting Employer's motion, noting that Employee did not file a response to Employer's motion consistent with Rule 56 of the Tennessee Rules of Civil Procedure and that the documentation he provided in support of his position was unauthenticated. The court noted that Employer met its burden of production by demonstrating Employee is not entitled to an award of permanent disability benefits greater than that specified in the statute based on his work status and rate of pay at the time of maximum medical improvement. In turn, Employee did not meet his burden of establishing any genuine issue of material fact that could entitle him to a greater permanent disability award. Thus, the court granted Employer's motion for summary judgment. Employee has appealed.

**Standard of Review**

The grant or denial of a motion for summary judgment is a matter of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the

Tennessee Rules of Civil Procedure have been satisfied." *Id.* In reviewing a trial court's decision on a motion for summary judgment, we are to review the evidence in a light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. *Lyles v. Titlemax of Tenn. Inc.*, No. W2017-00873-SC-WCM-WC, 2018 Tenn. LEXIS 520, at *5 (Tenn. Workers' Comp. Panel Sept. 14, 2018). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2021).

## Analysis

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden is on the party pursuing summary judgment to demonstrate both that no genuine issues of material fact exist and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). When, as in the present case, the moving party does not bear the burden of production at trial, the moving party may satisfy its burden at the summary judgment stage by either (1) affirmatively negating an essential element of the nonmoving party's claim or (2) demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim. *Rye*, 477 S.W.3d at 264. If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to demonstrate the existence of one or more genuine issues of material fact at the summary judgment stage. *Id.* at 265.

In *Payne v. D & D Electric*, No. E2016-01177-SC-R3-WC, 2017 Tenn. LEXIS 215 (Tenn. Workers' Comp. Panel Apr. 18, 2017), the Supreme Court's Special Workers' Compensation Appeals Panel addressed current summary judgment standards:

> When a motion for summary judgment is made and supported, the party opposing summary judgment must file a response to each fact set forth by the moving party. The nonmoving party may not rely upon the allegations in the pleadings; to survive summary judgment, the nonmoving party must set forth specific facts showing a genuine issue for trial. The nonmoving party's response must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must demonstrate the existence of specific facts in the record that could lead a rational trier of fact to find in favor of the nonmoving party.

*Id.* at *8 (internal citations omitted). *See also Bellomy v. Autozone, Inc.*, No. E2009-00351-COA-R3-CV, 2009 Tenn. App. LEXIS 792, at *38 (Tenn. Ct. App. Nov. 24, 2009) ("The

4

nonmoving party may satisfy its burden of production by . . . pointing to evidence establishing material factual disputes that were over-looked or ignored by the moving party. . . .").

Here, Employer satisfied its burden of production by submitting the admissible opinions of physicians establishing Employee's degree of permanent impairment and permanent restrictions. Employer also submitted evidence of Employee's compensation rate and its overpayment of temporary disability benefits. Further, in its Statement of Undisputed Facts, Employer asserted Employee had returned to work for Employer "earning at least 100% of his pre-injury wages." This statement was supported by a Rule 72 Declaration of Employer's human resources manager. Employee did not refute or otherwise respond to this statement. Thus, having successfully met its burden of showing the extent of permanent disability benefits to which Employee was entitled by statute, the burden then shifted to Employee to establish a genuine issue of material fact for trial. We conclude he has failed to do so.

Employee has raised multiple issues and made multiple allegations concerning the nature and extent of his medical treatment, the nature of his work, whether Dr. Hauge should be deemed the authorized physician moving forward, and other issues.[3] He has requested additional investigation into alleged violations by Employer and/or its insurer and whether proper procedures were followed in the handling of his claim. However, he has not presented evidence admissible at the summary judgment stage establishing a genuine issue of material fact that would preclude the court from granting Employer's motion.

### Conclusion

For the foregoing reasons, we affirm the trial court's order granting Employer's motion for summary judgment. Costs on appeal are taxed to Employee.

---

[3] Given that Employee's right to reasonable and necessary future medical benefits related to his work injury remains open, Employee can, if necessary, seek further redress from the trial court regarding any alleged issues arising from authorized medical treatment.

5



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Lawrence Mitchell | ) | Docket No. 2021-01-0379 |
| | ) | |
| v. | ) | State File No. 62070-2018 |
| | ) | |
| Waupaca Foundry, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Audrey A. Headrick, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of June, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Lawrence Mitchell | | | | X | mitchell.lawrence3497@yahoo.com |
| Catheryne Grant Taylor Pruitt | | | | X | catherynelgrant@feeneymurray.com trp@feeneymurray.com |
| Audrey A. Headrick, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov